**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**VAUGHN RAMONE GROVE,**

**Movant,**

**v.** **Case No. 2:12-cv-01031**
**Case No. 2:09-cr-00263-01**

**UNITED STATES OF AMERICA,**

**Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the Court is Movant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 84.) This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

Vaughn Ramone Grove (hereinafter "the defendant") is serving a 151-month sentence, followed by a three-year term of supervised release, upon his guilty plea, pursuant to a written plea agreement, to one count of possession with intent to distribute heroin, in violation of 21 U.S.C. § 841(a)(1). The defendant's written plea agreement included a stipulation that his base offense level was a level 18; the United States noted its position that the defendant was subject to the career offender enhancement under USSG § 4B1.1. (ECF No. 58 at 4.)

The written plea agreement also contained a provision stating that both the United States and the defendant retained the right to seek appellate review of the

District Court's determination concerning the career offender enhancement, but the defendant otherwise waived the right to seek appellate review of any sentence of imprisonment or a fine so long as the sentence was below or within the range corresponding to an offense level of 18 (if the career offender enhancement was not applied), and the United States otherwise waived appellate review of any sentence that was within or above a level 32 (if the career offender enhancement was applied), before consideration of acceptance of responsibility. The defendant further waived any collateral attack, unless based upon a claim of ineffective assistance of counsel. (*Id.* at 4-5.)

The defendant's sentencing occurred on September 2, 2010. According to the defendant's Presentence Investigation Report ("PSR"), the probation officer believed that two of the defendant's prior convictions satisfied the criteria as predicate offenses for the application of the career offender provision, and recommended the application of the enhancement under USSG § 4B1.1. Although the defendant lodged an objection to the enhancement, at the sentencing hearing, his counsel conceded that the enhancement may apply, but asked the District Court to depart from the resulting Guideline range. (ECF No. 76 at 9, 17-20.) The District Court found that the career offender enhancement should apply, and sentenced the defendant accordingly. (*Id.* at 25-27.)

According to the PSR, the defendant was convicted of second degree murder and a firearms charge in Detroit, Michigan in 1992. (ECF No. 65 at 6.) He was sentenced to 10 to 20 years for the murder charge and two years on the firearms charge. (*Id.*) The PSR further indicates that, on April 4, 2000, the defendant was charged with attempted assault of a prison employee. (*Id.*) He pled guilty to that charge on July 30, 2001, and, on September 17, 2001, he was sentenced to serve 16 months to two years in custody.

(*Id.*) The defendant was paroled in 2007; however, a warrant was issued on May 4, 2009, for absconding supervision. (*Id.*)

The defendant submitted an objection to the PSR and argued that these charges should not count as separate predicate offenses because they flowed out of one incarceration. (ECF No. 65 at 13.) The probation officer responded that, because the predicate offenses were not contained in the same charging instrument and the sentences were not imposed on the same day, they must be considered separate offenses under USSG § 4A1.2(a)(2), and thus count separately as predicate offenses for the career offender enhancement under section 4B1.1. (*Id.*) The District Court agreed and applied the enhancement.

The defendant did not challenge the career offender enhancement in his direct appeal. Rather, he challenged a dangerous weapons enhancement under USSG § 2D1.1(b)(1), and also argued that his 151-month sentence was unreasonable and an abuse of discretion. The United States Court of Appeals for the Fourth Circuit affirmed the defendant's sentence on June 17, 2011. *United States v. Grove*, No. 10-5072 (4th Cir., June 17, 2011). (ECF No. 78.)

The defendant filed the instant section 2255 motion on April 10, 2012. The defendant asserts that his counsel was ineffective because he did not object to the career offender designation at sentencing on the basis that his charge of attempted assault on a prison employee "was adjudicated as a misdemeanor, when Michigan has no misdemeanor statute for an attempted assault of a prison employee." (ECF No. 85 at 2.)

## ANALYSIS

The underlying issue before this court is whether the defendant's trial counsel provided ineffective assistance of counsel by failing to object to the defendant's career

offender designation based upon the use of the defendant's prior conviction for attempted assault on a prison employee as a predicate offense. To establish ineffective assistance of counsel, the defendant must demonstrate that his counsel's conduct fell below an objective standard of reasonableness and that, but for counsel's error, the outcome of his criminal proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 52 (1985). The defendant's Memorandum in support of his section 2255 motion asserts that his trial counsel, Timothy LaFon, was ineffective "for failing to realize, then argue and object at sentencing, that the prior conviction listed at ¶ 29 of the PSR did not qualify as a proper predicate felony conviction for purposes of career offender enhancement under § 4B1.1 of the Guidelines, and if not but [sic] for this error he would not have been sentenced as a career offender, hence, he suffered prejudice as a result of his counsel's ineffective performance." (ECF No. 85 at 3-4.) The Memorandum further asserts:

> Specifically, ¶ 29 of the PSR lists Attempted Assault of a Prison Employee as one of the two predicate prior convictions used for career offender enhancement. However, this particular prior conviction was finally adjudicated as a "misdemeanor" conviction, not a felony assault conviction. Significant here is that in Michigan there is no listed statute which can be charged to prosecute misdemeanor Attempted Assault of a Prison Employee, only a felony statute, however, there is a statute that allows for misdemeanor punishment of that felony, yet no stand alone statute listed that criminalizes as a misdemeanor the offense of Attempted Assault of a Prison Employee. Hence, such prior conviction should not have been used as a predicate for career offender enhancement under § 4B1.1 of the Guidelines.

(*Id*. at 4.)

The defendant's Memorandum further argues that his case is analogous to that of *Jones v. United States*, 2011 U.S. Dist. Lexis 89676 (W.D.N.C. Aug. 11, 2011). He states:

> Petitioner Grove submits that *Jones* argued that his counsel was ineffective for failing to argue at sentencing, using case law that was

> readily available, that although North Carolina statutory law allows punishment for an attempt to commit a felony or misdemeanor, N.C. Gen. Stat. § 14-2.5 (2007), the North Carolina Court of Appeals has held that because the common law offense of assault includes "an overt act or attempt, or the unequivocal appearance of an attempt," *State v. Barksdale*, 181 N.C. App. 302, 638 S.E.2d 579 (2007), a defendant cannot be either indicted for or convicted of attempted assault, because "one cannot be indicted for an attempt to commit a crime where the crime attempted is in its very nature an attempt." *State v. Currence*, 14 N.C. App. 263, 188 S.E.2d 10, 12 (1972).
>
> In arguing for *Jones* that his conduct amounted to nothing more than a misdemeanor, counsel demonstrated that he was unaware that the offense relied on by the probation office did not exist at all and, therefore, could not form the basis for enhancing *Jones*' sentence. *Jones*' counsel knew before sentencing that the PSR recommended a four-level enhancement based on conduct amounting to "attempted assault with intent to kill or seriously injuer [sic; injure.] Nevertheless, counsel did not take the basic step of researching the elements of that offense to determine whether the Government could prove them. Had he done so, he would have discovered that there is no such offense in North Carolina. Additionally, there was – as mentioned – readily available case law stating that North Carolina also does not recognize the offense of "attempted assault." *See Rompila v. Beard*, 545 U.S. 374, 383-390 (2005)(finding counsel's performance deficient for failing to examine the defendant's court file from his previous conviction after being notified by the prosecution that it intended to rely on the previous conviction as an aggravating circumstance at sentencing). Hence, Petitioner Grove submits that his counsel should have argued the very same argument, as the State of Michigan has no such offense as Attempted Assault of a Prison Employee.

(*Id*. at 6-8.)

The defendant has essentially raised two different issues in his Memorandum. The first is whether the offense of "attempted assault of a prison employee" actually exists under Michigan law. The second is, assuming there is such an offense, which was punishable under Michigan law as a misdemeanor, does that conviction count as a predicate offense under the career offender guideline?

Section 750.197c of the Michigan Compiled Laws Annotated (M.C.L.A.) states:

> (1) A person lawfully imprisoned in a jail, other place of confinement established by law for any term, or lawfully imprisoned for any purpose at any other place . . . who, without being discharged from the place of confinement . . . through the use of violence, threats of violence or dangerous weapons, assaults an employee of the place of confinement or other custodian knowing the person to be an employee or custodian . . . is guilty of a felony punishable by imprisonment of not more than five years or a fine of not more than $2,500.00, or both.

Section 750.92 of the M.C.L.A. governs attempts to commit a crime. That section establishes, in pertinent part, as follows:

> 3. If the offense so attempted to be committed is punishable by imprisonment in the state prison for a term less than five years . . . the offender convicted of such attempt shall be guilty of a misdemeanor, punishable by imprisonment in the state prison or reformatory for not more than two years . . . .

To the extent that attempted assault of a prison employee is a crime under Michigan law, the defendant's conviction was treated as a misdemeanor under subsection 3 and he was sentenced to a term of imprisonment of 16 months to two years. Thus, the defendant appears to argue that his misdemeanor crime does not meet the definition of a prior felony conviction in order to serve as a predicate offense for the career offender enhancement.

However, the Application Notes to section 4B1.2 of the Guidelines, which defines the terms used in section 4B1.1, state that "prior felony conviction" means "a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony, and regardless of the actual sentence imposed." USSG § 4B1.2, Application Note 1. Thus, because the defendant's conviction carried a potential sentence of up to two years, it meets the definition of a "prior felony conviction" under the Guidelines.

Furthermore, it was a crime of violence. Thus, it was properly counted as a predicate offense for the career offender enhancement under USSG section 4B1.1.

Turning to whether the offense of "attempted assault of a prison employee" actually exists under Michigan law, the undersigned located one case addressing the existence of "attempted felonious assault" which found that a defendant could be convicted of such an offense, even where a completed assault occurred. *See People v. Jones*, 504 N.W.2d 158 (1993).[1] The *Jones* court noted, however that "felonious assault" under Michigan law is defined as "simple assault aggravated by the use of a weapon." The court further noted in a footnote that the court was not deciding "whether there can be an 'attempted *simple* assault.'" *Id.* at 100 n.16.[2]

"Simple assault" is defined under Michigan law as either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery. *See, e.g., People v. Terry*, 553 N.W.2d 23 (Mich. 1996). Thus, while the defendant could argue that it is impossible to have an "attempted" attempted battery, it is not impossible to attempt an unlawful act that places another in reasonable apprehension of receiving an immediate battery. *See, e.g., State v. Hall*, 14 P.3d 884 (Wash. App. 2000)("because the 'apprehension' type of assault lacks an attempt element, it is feasible to convict someone of attempting to assault by such a means.") The undersigned has not located any Michigan authority, subsequent to the *Jones* decision, stating that "attempted assault" does not exist as a crime under Michigan law,

---

[1] The *Jones* decision called into doubt prior case law holding that there was no offense of an attempt to assault. *See People v. Patskan*, 185 N.W.2d 398 (Mich. App. 1971), overruled on other grounds by *People v. Patskan* 199 N.W.2d 458 (Mich. 1972); *People v. Banks*, 216 N.W.2d 461 (Mich. App. 1974) (there can be no such crime as attempted felonious assault); *People v. Leblanc*, 327 N.W.2d 471 (Mich. App. 1982),

[2] The undersigned further notes that, in *United States v. O'Valle*, 9 F.3d 110, 1993 WL 337740 (6th Cir. 1993) (unpublished), the Sixth Circuit upheld the finding that a conviction of "attempted felonious assault" under Michigan law, met the qualifications for a predicate offense for a career offender enhancement under the Federal Sentencing Guidelines.

and the undersigned has located authority in which persons other than the defendant herein have been convicted of attempted assault.[3]

The defendant has provided with his motion the statement of reasons issued by the Michigan judge who sentenced him for his conviction of attempted assault of a prison employee. (ECF No. 84-1, Ex. B.) The statement of reasons indicates that the defendant had three prior incidents of assault on prison staff, and that he actually physically struck several correctional officers in the incident that led to his charge of conviction, causing a nasal fracture and lacerations above one of the staff member's eyes. (*Id.*) The statement of reasons further indicates that the defendant "was allowed to plead to attempted assault on prison staff by an inmate in order to avoid a trial." Thus, based upon a review of the statutory elements, the charging document, and the court's statement of reasons, it is clear that the factual basis of the defendant's conduct in the underlying Michigan proceeding was sufficient to qualify the defendant's conviction as a predicate felony offense for a career offender enhancement. *See Shepard v. United States*, 544 U.S. 13, 26 (2005).

Based upon the information that was available to Mr. LaFon at the time of the defendant's sentencing, the undersigned proposes that the presiding District Judge **FIND** that it was not unreasonable for Mr. LaFon to believe that the petitioner's conviction for attempted assault of a prion employee was valid under Michigan law, and that such conviction qualified as a predicate offense for a career offender enhancement under the Federal Sentencing Guidelines. The undersigned further proposes that the

[3] The undersigned notes that these cases do not address or discuss the propriety of the attempted assault charge. Rather, these other cases simply establish that persons other than the petitioner were charged and convicted of attempted assault under Michigan law, and that, based upon the authority located by the undersigned subsequent to *People v. Jones*, 504 N.W.2d 158 (Mich. App. 1993), no such convictions have been overturned on the basis that the crime of attempted assault does not exist.

presiding District Judge **FIND** that the defendant has not established that his prior conviction for attempted assault does not qualify as a predicate felony offense to justify the career offender enhancement under the Federal Sentencing Guidelines. Therefore, the undersigned further proposes that the presiding District Judge **FIND** that the defendant has failed to establish that his counsel's conduct fell below an objective standard of reasonableness. Consequently, he has failed to show that his counsel was constitutionally ineffective.

The defendant cannot demonstrate any basis to vacate, set aside or correct his sentence. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the defendant's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (ECF No. 84) and remove this civil action from the docket of the court.

The parties are notified that this Proposed Findings and Recommendations is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(c) of the Federal Rules of Criminal Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendations within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendations to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on the United States Attorney and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendations, to mail a copy of the same to the defendant and to transmit it to counsel of record.

January 30, 2013

Mary E. Stanley
Mary E. Stanley
United States Magistrate Judge